
# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

2007 SEP 24  P 4: 54

# SAVANNAH DIVISION

CLERK

| | |
|---|---|
| GREGORY GILLILAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV407-133 |
| | ) |
| DOCTOR FOGAM, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at Coastal State Prison, has submitted yet another set of complaints under 42 U.S.C. § 1983 and filed a motion for leave to proceed *in forma pauperis*. Plaintiff is barred from proceeding *in forma pauperis* due to the "three strikes" provision of 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without the prepayment of a filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates a suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff has previously filed numerous complaints that have been dismissed under 28 U.S.C. § 1915A, which directs courts to conduct an early screening of prisoner suits to determine if they may be dismissed for frivolity, maliciousness, failure to state a claim upon which relief may be granted, or for seeking relief from an immune defendant. The Court notes that plaintiff has a prolific filing history. Specifically, since June 16, 2005, he has filed more than seventy actions in federal courts in the State of Georgia. At present, at least eleven of these complaints or appeals have been dismissed as frivolous pursuant to 28 U.S.C. § 1915.[1] These cases add

---

[1] Gillilan v. Pollark, 1:07-CV-50 (WLS) (M.D. Ga. Apr. 4, 2007); Gillilan v. Galloway, 1:06-CV-71 (WLS) (M.D. Ga. Mar. 5, 2007); Gillilan v. Scarborough, 1:05-CV-172 (WLS) (M.D. Ga. Feb. 2, 2007); Gillilan v. Harrison, 1:06-CV-176 (WLS) (M.D. Ga.

up to a "strike out" for plaintiff under § 1915(g). Without a showing of "imminent danger of serious physical injury," plaintiff's petition should be denied, and his complaint dismissed without prejudice. 28 U.S.C. § 1915(g).

In order to come within the "imminent danger" exception, the Eleventh Circuit requires "specific allegations of present imminent danger that may result in serious physical harm." Skillern v. Jackson, 2006 WL 1687752, at *2 (S.D. Ga. Jun. 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the § 1915(g) exception. Margiotti v. Nichols, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).

---

Jan. 31, 2007); Gillilan v. Bell, 1:07-CV-3 (WLS) (M.D. Ga. Jan. 11, 2007); Gillilan v. Thomas, 1:06-CV-122 (DHB) (S.D. Ga. Jan. 10, 2007); Gillilan v. Johnson, 1:06-CV-177 (WLS) (M.D. Ga. Jan. 8, 2007) (a later appeal was dismissed as frivolous in this case on Apr. 25, 2007); Gillilan v. Cannon, 1:06-CV-114 (WLS) (M.D. Ga. Aug. 8, 2006); Gillilan v. Hilton, 1:05-CV-133 (WLS) (M.D. Ga. Aug. 18, 2006) (a later appeal was dismissed in this case on May 8, 2007).

Plaintiff alleges that he is in imminent danger of physical injury because he is in dire need of a gallbladder removal; without it, he claims that he will die. Doc. 1. He indicates that he is in extreme pain. Id. Plaintiff demands an injunction, ordering the defendants to provide the required medical treatment. Id. Plaintiff submitted a paper marked "Ex[h]ibit Doc #2" which notes his name and reflects that as of July 25, 2006, prison medical staff determined that he suffered from gallstones. Id. Plaintiff has been living with the condition for over a year. He has not claimed that his situation has significantly worsened over that period; rather, he only claims, in a conclusory fashion, that he will die if he is not treated. Id. Such vague and unsupported allegations will not permit a finding of imminent danger. See Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 2006).

As noted, plaintiff is a frequent filer in the federal courts. This complaint is typical of his recent attempts at improperly circumventing § 1915. See Ball, 2007 WL 484547, at *2 (a prisoner cannot create imminent danger to escape § 1915(g)). In previous cases he has indicated that he might kill himself if not given certain psychiatric medications. Gillilan v.

Walkins, 4:07-CV-00128-WTM-GRS, doc. 1, 7 (S.D. Ga. Sept. 7, 2007); see also, Gillilan v. Lebedovych, et. al, 3:07-CV-00034-LGW-WLB, doc. 7 (M.D. Ga. June 18, 2007). He also indicated that he may experience seizures under certain circumstances, creating the required imminent danger and harm. Gillilan v. S. Burten, 3:07-CV-00033-LGW-WLB, doc. 6 (M.D. Ga. Aug. 14, 2007) (claiming prison guard flashing light at night may cause him serious harm); Gillilan v. Cail, 4:07-CV-00120-WTM-GRS, doc. 1 (S.D. Ga. Aug. 10, 2007). Each claim was dismissed as failing to come within the § 1915(g) exception.

The "three strikes" provision of § 1915(g) was created specifically to aid the courts by discouraging prisoners from filing baseless claims and to exact a penalty when they continue to do so. For the reasons stated above, plaintiff's motion to proceed without prepayment of fees should be **DENIED** and his complaint should be **DISMISSED** without prejudice. If plaintiff wishes to proceed with the claims he raises in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

**SO REPORTED AND RECOMMENDED** this 24th day of **September, 2007.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA